21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Khaled Charlie NAJIB, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3139.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges; and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Khaled Charlie Najib petitions for review of the judgment of the Board of Immigration Appeals ordering him deported to Iraq. Deportation proceedings began when the Immigration and Naturalization Service issued an order to show cause, alleging that petitioner was subject to deportation in light of a previous drug conspiracy conviction. Though petitioner conceded that his drug offense rendered him deportable, he requested relief from deportation pursuant to a discretionary waiver provision. An immigration judge denied the requested relief and the Board of Immigration Appeals affirmed. On appeal, the issue is whether the Board of Immigration Appeals abused its discretion. For the reasons that follow, we affirm.
 
 I.
 
 2
 Petitioner, a citizen of Iraq, has been a lawful permanent resident of the United States since June 1981. In May 1989, he was convicted in the United States District Court for the Northern District of Georgia for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Subsequently, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against petitioner by filing an order to show cause on September 3, 1991. In the order to show cause, the INS alleged that as a result of the conspiracy conviction, petitioner was an alien who had been convicted of an aggravated felony and a drug-related offense. Because of that fact, the INS alleged that petitioner was deportable under 8 U.S.C. Sec. 1251(a)(2)(A)(iii) and 8 U.S.C. Sec. 1251(a)(2)(B)(i).
 
 
 3
 Section 1251(a)(2)(A)(iii) of Title 8 mandates, upon the order of the Attorney General, the deportation of any alien who "is convicted of an aggravated felony at any time after entry." Section 1251(a)(2)(B)(i) of Title 8 mandates, upon the order of the Attorney General, the deportation of "[a]ny alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." In a written pleading, petitioner admitted all of the factual allegations made in the order to show cause and conceded deportability under these two provisions. In light of petitioner's concession, the immigration judge concluded that petitioner was deportable and designated Iraq as the country to which petitioner should be directed if required by law.
 
 
 4
 Petitioner requested relief from deportation pursuant to 8 U.S.C. Sec. 1182(c). Although that provision, on its face, only grants the Attorney General discretion to admit aliens returning to the United States from abroad who might otherwise be excluded from admission to the United States because of, among other things, a prior criminal conviction, it is well established that relief pursuant to 8 U.S.C. Sec. 1182(c) also applies to deportation of a lawfully admitted alien, where as here, the alien has an unrelinquished domicile in the United States of at least seven consecutive years. Gonzalez v. I.N.S., 996 F.2d 804, 806 (6th Cir.1993).[1] In his request for relief, petitioner urged the immigration judge to grant relief from deportation, arguing that any adverse factors evidencing his undesirability as a permanent resident of the United States were outweighed by the equities of the case. The immigration judge declined to grant petitioner's requested relief, and the Board of Immigration Appeals ("Board") affirmed. This timely appeal followed.
 
 II.
 
 5
 We review the decision of the Board for abuse of discretion. Gonzalez, 996 F.2d at 808. In Matter of Marin, 16 I. & N. Dec. 581 (B.I.A.1978), the Board set forth the relevant inquiry to determine whether discretionary relief pursuant to 8 U.S.C. Sec. 1182(c) is appropriate:
 
 
 6
 The immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section [1182(c) ] relief appears in the best interests of this country.
 
 
 7
 In order to provide the framework for an equitable application of discretionary relief, the Board has enunciated factors relevant to the issue of whether section [1182(c) ] relief should be granted as a matter of discretion. Among the factors deemed adverse to a respondent's application have been the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as permanent resident of this country.
 
 
 8
 Although in an individual case, one or more of these adverse factors may ultimately be determinative of whether section [1182(c) ] relief is in fact granted, their presence does not preclude a respondent from presenting evidence in support of a favorable exercise of discretion. Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character (e.g., affidavits from family, friends, and responsible community representatives).
 
 
 9
 Id. at 584-85 (citations omitted).
 
 
 10
 Given the circumstances in this case, we cannot say that the Board abused its discretion in denying petitioner relief pursuant to 8 U.S.C. Sec. 1182(c). The Board adopted the reasoning of the immigration judge in concluding that petitioner was not entitled to favorable discretion. The immigration judge's opinion began by noting that petitioner was convicted of a serious criminal offense given, among other things, the nature of petitioner's drug trafficking crime, the large amounts of cocaine involved (the indictment alleged that petitioner and others were engaged in an illegal drug trafficking scheme which consisted of approximately 33 pounds of cocaine), and the fact that petitioner was sentenced to seven years' imprisonment. Because petitioner was convicted of a serious criminal offense, the immigration judge concluded that petitioner bore the burden of presenting unusual or outstanding positive equities in support of a favorable exercise of discretion. Based on his review of the evidence, the immigration judge concluded that petitioner failed to satisfy his burden.
 
 
 11
 The immigration judge noted that petitioner initially entered the United States in 1977 at the age of 17, that petitioner resided in the United States for approximately four years before attaining permanent status, and that petitioner had been a lawful permanent resident for approximately 11 years. However, the immigration judge did not find those facts favorable to petitioner's case. Importantly, the immigration judge concluded that petitioner did not enter the United States at a tender age. Moreover, the immigration judge determined that petitioner's length of stay as a lawful permanent resident was only a few years longer than the minimum seven-year period of residence required for an individual to be eligible for relief pursuant to 8 U.S.C. Sec. 1182(c).
 
 
 12
 The immigration judge also believed that petitioner's family ties to the United States did not constitute an unusual or outstanding positive factor. The immigration judge noted in his opinion that petitioner was not married. Moreover, although the immigration judge acknowledged that petitioner's mother and brother both lived in the United States, the judge concluded that these ties were not substantial in number. The immigration judge also concluded that the family tie petitioner had to his brother was seriously mitigated in light of the fact that the brother was also convicted of the same conspiracy to possess with intent to distribute cocaine as was petitioner.
 
 
 13
 The immigration judge further found that petitioner would not suffer an unusual or outstanding hardship if he were deported to Iraq. At a deportation hearing, petitioner argued that his family would suffer severe emotional trauma if he were deported. Petitioner also stated that he has no family in Iraq, that he has forgotten how to speak the language, that he would be unable to find work, and that he would be imprisoned because of his failure to serve in the Iraqi military. The immigration judge, however, noted that petitioner failed to substantiate any of these concerns. Additionally, the immigration judge observed that "the hardship of separation from one's family and return to a nation less economically developed than the United States is nothing more than the normal hardship of deportation and does not amount to hardship of an unusual or outstanding nature." J.A. 13.
 
 
 14
 Nor did the immigration judge believe that petitioner's business ties to the United States were of particular significance. Evidence presented by petitioner showed that he owned a Video Express store in Dearborn Heights, Michigan, a store which petitioner characterized as a family business. In addition, the evidence also revealed that petitioner had previously managed the video store in Dearborn Heights, that petitioner had managed another Video Express store in Royal Oak, Michigan, and that petitioner had managed his father's fish market. While according this evidence some weight, the immigration judge noted several factors which mitigated its weight. Among them, the immigration judge noted that petitioner used the Video Express store in Royal Oak in 1987 to hide two kilograms of cocaine. The immigration judge also questioned petitioner's characterization of the video store in Dearborn Heights as a family business, given the fact that petitioner was the only named individual on the articles of incorporation and given the fact that it would have been easy for petitioner to include family members as officers and shareholders.
 
 
 15
 Finally, the immigration judge concluded that petitioner's evidence of rehabilitation, while substantial, was not outstanding or unusual. The immigration judge noted that petitioner presented two letters, one from a United States Attorney and one from a Special Agent in drug enforcement, recommending favorable consideration of petitioner's request for relief from deportation. In addition, the immigration judge noted that petitioner's probation officer and federal prison officials attested to petitioner's favorable character and conduct. The immigration judge also noted that petitioner has improved his English speaking skills, has attained his Graduate Equivalency Degree, has actively participated in recreational activities, has no disciplinary reports against him, and associates well with prison staff and other inmates. However, these factors, the immigration judge noted, were mitigated upon closer scrutiny. For instance, the judge noted that although the United States Attorney's and the Special Agent's recommendations were based upon petitioner's cooperation with law enforcement officials to capture a drug dealer, the motivation of petitioner to cooperate was not out of remorse for his criminal conduct, but rather was out of his own self-interest for receiving a favorable sentence for his drug conviction. The immigration judge also concluded that petitioner was less than forthright in responding to inquiries regarding his prior conduct. Specifically, the immigration judge noted that petitioner failed to recall that he had previously been convicted for larceny and had been fined $55. Lastly, the immigration judge concluded that because petitioner was incarcerated, his rehabilitation could not be accurately assessed.
 
 
 16
 Based on these findings, the immigration judge concluded that the factors in favor of granting relief were not unusual or outstanding, and thus as a consequence, petitioner was not deserving of the requested relief. Having said that, the immigration judge concluded that even if those factors were unusual or outstanding, petitioner still would not be entitled to favorable relief. The immigration judge further concluded that to deny relief in such a situation, the negative factors must be so serious that they overcome the unusual or outstanding equities. In this connection, the immigration judge observed that petitioner engaged in illicit drug activity not to support his personal habit but rather to make money. Given "[t]he callous nature of [petitioner's] criminal activities, the voluminous amount of cocaine which [petitioner] participated in distributing, and the harm [petitioner had] done to society," J.A. 15, the immigration judge concluded that relief from deportation was not warranted.
 
 
 17
 Petitioner argues that he submitted ample evidence which would warrant a favorable finding of relief pursuant to 8 U.S.C. Sec. 1182(c). In support of his position, he recounts the numerous documents contained in the record which attest to his cooperation with law enforcement officials, his exemplary conduct in prison, and his "continued excellent comportment." Brief of Petitioner 19. Petitioner suggests that this evidence refutes the immigration judge's conclusion that petitioner failed to provide sufficient evidence of rehabilitation. According to petitioner, the immigration judge also inaccurately assessed his length of stay in the United States, given the fact that the judge did not consider the fact that he had lived in the United States for four years prior to becoming a lawful permanent resident. Moreover, petitioner argues that because the immigration judge did not accord significance to the fact that petitioner has relatives other than his mother and brother in the United States, and because he would be placed in the highest visa-preference category under 8 U.S.C. Sec. 1153(a)(1), the immigration judge inaccurately determined that his family ties to the United States were not significant. Petitioner also argues that the immigration judge failed to accord sufficient weight to his mother's affidavit, wherein she averred that petitioner would suffer persecution in Iraq and would have difficulty in finding employment.
 
 
 18
 Petitioner's argument amounts to nothing more than an invitation for us to reweigh the equities of the case. However, that is not our role when we review for an abuse of discretion. Gonzalez, 996 F.2d at 812. "In this government of separated powers, it is not for the judiciary to usurp Congress' grant of authority to the Attorney General by applying what approximates de novo appellate review." I.N.S. v. Rios-Pineda, 471 U.S. 444, 452 (1985). Consequently, under our limited standard of review, our role is to decide only whether the decision of the Board "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir.1982) (per curiam).
 
 
 19
 Based upon our review, we find no abuse of discretion. In this case, the Board was correct in concluding that because petitioner was convicted of a serious drug offense, he needed to establish unusual or outstanding equities. Hazime v. I.N.S., No. 93-3045, 1994 WL 46716 * 5 (6th Cir. Feb. 18, 1994). Although the Board found several equities in favor of petitioner, it believed that they did not outweigh the adverse factors. The decision of the Board was rational, did not depart from established principles, and was not premised upon an impermissible basis. Thus, "[t]he only way we could reverse the [Board] under these circumstances is simply to usurp its function and substitute our judgment for that of the Board. This we cannot do." Craddock v. I.N.S., 997 F.2d 1176, 1179 (6th Cir.1993).
 
 
 20
 Apart from arguing that the equities favored his request for relief, petitioner also argues that the immigration judge placed an unreasonable burden on him to establish bona fide business ties in the United States. To support his position, petitioner refers to the following colloquy between the judge and him at the deportation hearing:
 
 
 21
 Judge: We have you dealing in drugs, which is also a, a, uh, mafia operation, uh, that there in deal with from Detroit. And, we have you in the video business, which is also a front organization for the mafia in Detroit. I'm not saying that you are a front man, but why should I assume that you're not.
 
 
 22
 Petitioner: Because--
 
 
 23
 Judge: Because the burden is on you to show me why I should not believe that, that's why I'm asking you.
 
 
 24
 J.A. 29. According to petitioner, the immigration judge "told [him] that he (the Petitioner) bears the burden of showing the Immigration Judge why he (the Immigration Judge) should not believe that the business run by the Petitioner was not legitimate." Brief of Petitioner 21. Petitioner argues that the logic of the immigration judge is absurd.
 
 
 25
 We find no merit in petitioner's argument. Petitioner bears the burden of demonstrating that relief pursuant to 8 U.S.C. Sec. 1182(c) is appropriate. As we recently noted, section 1182(c)
 
 
 26
 does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief. Instead, the Attorney General or his delegate is required to determine as a matter of discretion whether an applicant warrants the relief sought. The alien bears the burden of demonstrating that his application merits favorable consideration.
 
 
 27
 Gonzalez, 996 F.2d at 807 (quoting Matter of Marin, 16 I. & N. Dec. 581, 582-83 (B.I.A.1978)).
 
 
 28
 Here, the immigration judge's questions were simply an attempt to gather relevant information about petitioner's business. We do not deem the immigration judge's mere reference that video stores are frontal organizations for the "mafia" as an attempt by the judge to place an unfair burden on petitioner to prove otherwise. The immigration judge was careful not to state that he was assuming that the video business was part of an illicit enterprise. Rather, he simply inquired of petitioner why he should assume it was not.
 
 
 29
 Petitioner also argues that by adopting the reasoning of the immigration judge as opposed to making its own independent conclusions, the Board failed to exercise its role in reviewing the judgment of the immigration judge. Although petitioner acknowledges that the Board need not write extensively on every issue, he argues that the Board fails to adequately discharge its duties when, as he alleges here, it issues bare conclusions. In support of his argument, petitioner cites two decisions, In re Eduardo Gortari-Figueroa, No. Afq-fdr-fcb (B.I.A.1992), and In re Viola Chow, No. Aez-hdt-qny (B.I.A.1989), as examples where the Board discussed at length its reasons for denying relief pursuant to 8 U.S.C. Sec. 1182(c), and suggests that because the Board's decision in this case is not as extensive, the Board acted irrationally.
 
 
 30
 We conclude that the Board in this case adequately set forth its reasons for denying relief. Petitioner bears the burden of showing that the Board of Immigration Appeals "gave short shrift" to the evidence presented. Kaczmarczyk v. I.N.S., 933 F.2d 588, 595 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991). While the Board need not "list every possible positive and negative factor in its decision," Rodriguez-Rivera v. I.N.S., 993 F.2d 169, 170-71 (8th Cir.1993) (per curiam), nor "write an exegesis on every contention," Osuchukwu v. I.N.S., 744 F.2d 1136, 1142-43 (5th Cir.1984), it may not rest its decision on mere conclusions. Rather, the Board must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Vergara-Molina v. I.N.S., 956 F.2d 682, 685 (7th Cir.1992) (quoting Becerra-Jimenez v. I.N.S., 829 F.2d 996, 1000 (10th Cir.1987)).
 
 
 31
 In affirming the immigration judge's decision, the Board first concluded that "the immigration judge properly weighed the equities presented against the adverse matters of record and correctly concluded that the respondent did not merit a favorable exercise of discretion." J.A. 22-23 (citing Matter of Edwards, I. & N. Interim Dec. No. 3134 (B.I.A.1990); Matter of Buscemi, 19 I. & N. Dec. 628 (B.I.A.1988); and Matter of Marin, 16 I. & N. Dec. 581 (B.I.A.1978)). The Board next conducted its own review of the arguments petitioner raised on appeal from the immigration judge's decision, concluding that the immigration judge had "adequately and correctly addressed" those arguments. J.A. 23. The Board then entered its own conclusion for denying relief, stating that the immigration judge's decision "is affirmed based upon and for the reasons set forth in his well-articulated and thorough decision." Id. By examining the immigration judge's application of the facts to the law, addressing petitioner's arguments on appeal, and then reaching its own conclusion, the Board properly discharged its duty in reviewing the decision of the immigration judge and provided a sufficient basis for us to determine its rationale for denying relief. Cf. Torres-Guzman v. I.N.S., 804 F.2d 531, 533 (9th Cir.1986) (approving Board's adoption of immigration judge's decision).
 
 III.
 
 32
 For the reasons stated, the order of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 8 U.S.C. Sec. 1182(c) provides:
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section....
 8 U.S.C. Sec. 1182(a) provides the classes of excludable aliens who are ineligible to receive visas and who are to be excluded from admission to the United States.