United States Court of Appeals,

Eleventh Circuit.

No. 95-4450

Non-Argument Calendar.

Domingo PRADO-GONZALEZ, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Feb. 21, 1996.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before COX, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

I.

In this immigration case, Domingo Prado-Gonzalez ("the petitioner") seeks judicial review of a panel order of deportation. The petitioner is a native and citizen of Nicaragua who illegally entered the United States on June 6, 1985. In proceedings below, the Immigration and Naturalization Service ("INS") charged that the petitioner was subject to deportation under section 241(a)(2) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1251(a)(2) (1970) (now section 241(a)(1)(B), 8 U.S.C. § 1251(a)(1)(B) (Supp.1995)), for entering the United States without inspection. In response, petitioner conceded deportability as charged but contended that he should not be deported to Nicaragua because he was eligible for asylum, withholding of deportation, and suspension of deportation under sections 208, 243(h), and 244(a) of the Act.

After conducting a hearing, an immigration judge rendered an

oral decision in which he found that petitioner was deportable as charged and statutorily ineligible for asylum, withholding of deportation and suspension of deportation. Petitioner then filed an appeal with the Board of Immigration Appeals ("the Board"). The Board issued an order in which it affirmed the immigration judge's denial of asylum, withholding of deportation, and suspension of deportation based upon and for the reasons set forth in the immigration judge's decision. The petitioner now seeks judicial review of the Board's decision in this court.

## II.

In his petition for review, the petitioner does not seek judicial review of the Board's decision to affirm the immigration judge's denial of asylum and withholding of deportation; rather, he only seeks review of the Board's decision to affirm the immigration judge's denial of suspension of deportation. Therefore, the immigration judge's denial of asylum and withholding of deportation are not before this court. *See Marek v. Singletary,* 62 F.3d 1295, 1298 n. 2 (11th Cir.1995) ("Issues not clearly raised in the briefs are considered abandoned."); *Hartsfield v. Lemacks,* 50 F.3d 950, 953 (11th Cir.1995) (citation omitted) ("issues that clearly are not designated in the initial brief ordinarily are considered abandoned"); *Love v. Deal,* 5 F.3d 1406, 1407 n. 1 (11th Cir.1993) (brief did not address issue, and hence it was deemed abandoned).

## III.

In his brief, petitioner contends that the Board abused its discretion because it affirmed the immigration judge's denial of

suspension of deportation without providing a sufficient explanation for its decision and without fully considering the merits of his application.

The Board often hears appeals which, like the appeal in the present case, seek only *de novo* review of issues that were adequately and correctly addressed by the immigration judge in his or her decision. In such cases, every court of appeals that has considered this issue (the Second, Fourth, Fifth, Seventh, Eighth, Ninth and Tenth Circuits) has held that the Board need not write a lengthy opinion that merely repeats the immigration judge's reasons for denying the requested relief, but instead may state that it affirms the immigration judge's decision for the reasons set forth in the decision. *See Arango-Aradondo v. I.N.S.,* 13 F.3d 610, 613 (2d Cir.1994); *Gandarillas-Zambrana v. Board of Immigration Appeals,* 44 F.3d 1251, 1255 (4th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 49, 133 L.Ed.2d 14 (1995); *Gomez-Mejia v. I.N.S.,* 56 F.3d 700, 702 (5th Cir.1995); *Cuevas v. I.N.S.,* 43 F.3d 1167, 1170 (7th Cir.1995); *Urukov v. I.N.S.,* 55 F.3d 222, 227-28 (7th Cir.1995); *Maashio v. I.N.S.,* 45 F.3d 1235, 1238 (8th Cir.1995); *Alaelua v. I.N.S.,* 45 F.3d 1379, 1382-83 (9th Cir.1995); *Panrit v. I.N.S.,* 19 F.3d 544, 546 (10th Cir.1994). We find the reasoning of our sister circuits persuasive and choose to follow their holdings. Accordingly, we see no abuse of discretion by the Board in the instant case in adopting the immigration judge's reasoning as its own and in affirming the denial of suspension of deportation based upon and for the reasons set forth in the immigration judge's

decision.[1]

For the foregoing reasons, the petition for review is denied and the decision of the Board of Immigration Appeals is affirmed.

AFFIRMED.

---

[1]We also agree with the Board that the immigration judge's extreme hardship determination was not an abuse of discretion.