[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 20, 2005
THOMAS  K. KAHN
CLERK

No. 04-13383
Non-Argument Calendar

_____

Agency Docket Nos. A95-898-546 and A95-899-673

SANTIAGO BELTRAN,
NORA JACQUELINE QUIROGA,
JUAN CAMILO BELTRAN QUIROGA,
FEDERICO BELTRAN QUIROGA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Appeal from a Decision of
the Board of Immigration Appeals

_____

**(April 20, 2005)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Santiago Beltran, his wife, Nora Jacqueline Quiroga, and their children, Juan Camilo Beltran Quiroga, and Federico Beltran Quiroga, petition this Court pro se for review of the final order of the Board of Immigration Appeals (BIA) that affirmed the order of removal by the Immigration Judge (IJ). The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern the petition for review. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1276 (11th Cir. 2001). For the reasons explained below, we dismiss the petition in part for lack of jurisdiction and deny the remainder of the petition.

## I. BACKGROUND

On November 27, 1999, Beltran, a native and citizen of Columbia, his wife, and their children, left Columbia and entered the United States as visitors, with permission to remain until January 3, 2001. On July 29, 2002, Beltran filed an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT) and alleged persecution on account of his political opinion and membership in a particular social group. On September 18, 2002, the INS served Beltran and his family with notices to appear, charging them with removability for remaining in the United States beyond the time permitted, in violation of INA section 237(a)(1)(B). Beltran, through counsel,

2

admitted the allegations of the notices to appear and conceded removability. He again requested asylum, withholding of removal, and relief under CAT.

The IJ found Beltran ineligible for asylum based on untimeliness and denied withholding of removal and relief under CAT. The BIA affirmed. The BIA agreed that the application for asylum was untimely. The BIA also agreed that Beltran failed to show a clear probability of persecution for withholding of removal or that it was more likely than not that he would be tortured, because Beltran's brief detention and later death threats did not rise to the level of persecution or torture and Beltran failed to submit corroborating evidence. Accordingly, the BIA dismissed the appeal, and this petition for review followed.

## II. DISCUSSION

Beltran makes three arguments: (1) that he is excused for the late filing of his asylum application; (2) that his confrontation with FARC, a Colombian guerilla group, in December 1997, and later death threats establish past persecution, a well-founded fear of persecution, and a clear probability of future persecution; and (3) that he is entitled to relief under CAT because FARC continues to exhibit influence in Colombia and he established that he was more likely than not to be tortured if he returned to Colombia. We address each argument in turn.

## 1. *Asylum*

We review subject matter jurisdiction de novo.  See Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).  It is undisputed that Beltran's asylum application was untimely.  Although an untimely asylum application may be considered if the alien demonstrates extraordinary circumstances relating to the delay, see 8 U.S.C. § 1158(a)(2)(D), "[n]o court shall have jurisdiction to review any determination [of timeliness or extraordinary circumstances]."  8 U.S.C. § 1158(a)(3).   This Court, therefore, does not have jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing.  See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286-87 (11th Cir. 2003); Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002).  Accordingly, we lack jurisdiction to consider Beltran's argument regarding the timeliness of his asylum application.

## 2. *Withholding of Removal*

We review factual determinations of the BIA under the substantial evidence test.  See Al Najjar, 257 F.3d at 1283-84.  This Court "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  Id. (citation omitted).  Under this highly

4

deferential standard, we must defer to the decision of the BIA unless the evidence "compels" a reasonable factfinder to find otherwise. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1 (1992). We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar, 257 F.3d at 1284. Insofar as the BIA adopts the reasoning of the IJ, we also review the decision of the IJ. See Prado-Gonzalez v. INS, 75 F.3d 631, 632 (11th Cir. 1996).

An alien is entitled to withholding of removal if he can show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A); 8 U.S.C. § 1231(b)(3)(A). A showing of past persecution creates a rebuttable presumption that the "life or freedom" of an alien would again be threatened upon removal. See Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1264 (11th Cir. 2004). Where an alien has not suffered past persecution, the alien bears the burden of showing that it is "more likely than not" that he would suffer persecution upon removal. See id.

Neither the INA or the regulations define persecution. "[W]e have discussed other circuits' holdings that 'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or

5

intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda v. U.S. Attorney Gen., __ F.3d __, 2005 WL 477878, at *3 (11th Cir. March 2, 2005) (citing Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000) (quotation marks and citations omitted)). Although in Sepulveda we discussed persecution in the asylum context, the definition of persecution also applies in the withholding of removal context. See Borca v. INS, 77 F.3d 210, 215 (7th Cir. 1996).

The IJ did not make a specific finding on Beltran's credibility. Rather, the IJ found that Beltran failed to present corroborating evidence in support of his claim. If Beltran's testimony was credible, however, his testimony "may be sufficient to sustain the burden of proof without corroboration." Mendoza, 327 F.3d at 1287 (citation omitted).

Even if we assume that Beltran's testimony was credible and ignore the lack of corroborating evidence, substantial evidence supports the finding of the IJ that Beltran's life or freedom would not be threatened on account of any protected ground if returned to Colombia. Beltran testified that, during his only face-to face encounter with FARC, which lasted approximately three hours, Beltran was insulted, pushed around, beaten up, and "pestered." Although his testimony was not specific as to the extent or severity of any beating or physical harm, that

6

Beltran walked back to Acandi after he was released shows he was not substantially harmed. Moreover, Beltran did not mention any beating or physical harm in his application for asylum; he only mentioned that FARC seized his political literature, insulted him, and threatened him. Beltran's testimony also evidenced that the death threats by FARC through notes and telephone calls were sparse. We, therefore, conclude that substantial evidence supports the finding of the BIA that Beltran failed to meet his burden to show that it was more likely than not that he suffered past persecution. Substantial evidence also supports the finding of the BIA that Beltran also failed to show that it was more likely than not that he would suffer future persecution.

### 3. Relief under CAT

To obtain relief under CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). During the only face-to-face encounter with FARC, Beltran was, at the worst, beaten up during a three-hour detention. Such an encounter does not rise to the level of torture. See 8 C.F.R. § 208.18(a)(1). Additionally, there is no evidence in the record that any such torture would be inflicted by the Colombian government or with its consent or acquiescence. Beltran, therefore, failed to establish eligibility for CAT relief.

### III. CONCLUSION

Based on the foregoing, we dismiss Beltran's petition as to his asylum claim for lack of jurisdiction and deny the remainder of Beltran's petition.

**PETITION DISMISSED IN PART and DENIED IN PART.**