[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2005
THOMAS K. KAHN
CLERK

No. 04-13591
Non-Argument Calendar
_____

Agency Nos. A79-430-161
& A79-430-162

ROSA ELENA MUNERA-MUNERA,
SEBASTIAN VARGAS-MUNERA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 16, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rosa Elena Munera-Munera and her minor son, Sebastian Vargas-Munera

(petitioners), who are natives and citizens of Colombia, petition for review of the final order of the Board of Immigration Appeals that affirmed the decision of the Immigration Judge to deny them asylum and withholding of removal under the Immigration and Nationality Act. We affirm.

## I. BACKGROUND

Petitioners attempted to enter the United States without a valid visa in December 2001. The Immigration and Naturalization Service issued petitioners a notice to appear and charged them with removability under 8 U.S.C. section 1182(a)(6)(C)(i), for seeking admission into the United States by fraud or willful misrepresentation of a material fact, and 8 U.S.C. section 1182(a)(7)(A)(i)(I), for applying for admission without valid entry documents. Petitioners conceded removability and requested asylum, withholding of removal, and protection under the CAT.

Munera-Munera stated that she feared Sebastian would be kidnapped or they would both be killed if they returned to Colombia. Munera-Munera stated that she received anonymous telephone calls from men who threatened to kidnap Sebastian and who demanded money from her. Munera-Munera also stated that she was threatened at her home by a man with a gun, and, on one occasion, a kidnap attempt was made on Sebastian. Petitioners fled Colombia after Munera-Munera

received an anonymous note that threatened that Sebastian would be kidnapped or killed if Munera-Munera did not pay 10,000 Columbian dollars. Munera-Munera also stated that she participated in several political campaigns for the Conservative Party, and that she stopped her work when she began receiving threats to kidnap Sebastian.

The Immigration Judge found Munera-Munera credible, but found that she had failed to establish that the threats against her were on account of a protected ground and denied relief. The BIA affirmed the decision of the Immigration Judge and dismissed the appeal. The BIA found that petitioners had not established a "nexus between the actions that ha[d] been taken against them in the past and that they fear will be taken against them in the future and any of the five grounds specified in the Immigration and Nationality Act."

## II. DISCUSSION

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the Immigration Judge. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Insofar as the BIA adopts the reasoning of the Immigration Judge, we also review that decision. See Prado-Gonzalez v. INS, 75 F.3d 631, 632 (11th Cir. 1996). We review factual determinations of the BIA under the substantial evidence test. Sepulveda v. United States Atty. Gen., 401

F.3d 1226, 1230 (11th Cir. 2005). We must affirm the decision of the BIA if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. "Under this highly deferential standard of review, the [BIA]'s decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id. (citation omitted).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). An alien who establishes, with specific and credible evidence, either (1) past persecution on account of his or her membership in a particular social group, political opinion, or other statutorily listed factor, or (2) a "well-founded fear" that his or her membership in a particular social group, political opinion, or other statutorily listed factor will cause future persecution, is eligible for asylum. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. To establish a nexus between the statutorily listed factor and the feared persecution the alien must "present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotations marks and citation omitted).

4

Substantial evidence supports the BIA's finding that the petitioners are not entitled to asylum. Petitioners failed to show that they had been persecuted or that they had a well-founded fear of future persecution. "'[P]ersecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation.'" Al Najjar, 257 F.3d at 1231 (citation omitted). "'[M]ere harassment does not amount to persecution.'" Id. Although petitioners presented credible evidence of threats, the evidence does not amount to more than mere harassment. Neither Munera-Munera or her son were harmed. Nor did petitioners establish that they had been or would be targeted on account of a protected ground. Although petitioners presented evidence of Munera-Munera's political activity, petitioners presented no evidence that the harassment they suffered was motivated by anything other than financial gain. The evidence does not compel the conclusion that petitioners were persecuted or had a well-founded fear of future persecution on account of their political opinion.

The petitioners also failed to establish that they are entitled to withholding of removal under the INA. Petitioners are entitled to withholding of removal if they can show that their life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "This

5

standard is more stringent than the 'well-founded fear' standard for asylum. . . . [B]ecause [petitioners] cannot meet the 'well-founded fear' standard for asylum, it is a fortiori that [they] cannot meet the withholding of removal standard." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004) (citations omitted).

**PETITION DENIED.**