[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2006
THOMAS K. KAHN
CLERK

No. 06-11585
Non-Argument Calendar

_____

BIA No. A97-133-439

JAIRO GIRALDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 19, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jairo Giraldo, pro se, petitions for review of the final order of the Board of

Immigration Appeals ("BIA"), which adopted and affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture ("CAT"). After review, we dismiss in part and deny in part Giraldo's petition.

## I. BACKGROUND

On April 19, 2003, Giraldo, a native and citizen of Colombia, was caught at Miami International Airport trying to enter the United States using an altered passport. While detained at Krome SPC, Giraldo sought asylum, claiming he was persecuted by paramilitary guerrillas in Colombia because he refused to cooperate with them. During his credible fear interview, Giraldo admitted that he had pled guilty to bank theft in Colombia and had served 21 months of a 42-month sentence. The immigration officer found that Giraldo presented a credible fear of persecution based on political opinion. However, the officer also noted that Giraldo's bank theft conviction posed a possible bar to asylum or withholding of removal.

On April 28, 2003, the Department of Homeland Security ("DHS") issued a notice to appear ("NTA") charging Giraldo with removability for using a fraudulent visa and passport to enter the United States, in violation of INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), and entering without a valid visa or passport, in violation of INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I).

2

On October 29, 2004, Giraldo filed an application for asylum, withholding of removal and CAT relief based on the same facts presented during his credible fear interview. At his initial removal hearing, Giraldo admitted the allegations in the NTA and conceded removability.

At his asylum hearing, Giraldo testified that FARC guerrillas had threatened to kill him because he had refused to cooperate with them. Giraldo also testified about the details of his criminal conviction in Colombia. Giraldo explained that he had been a bank manager and had violated administrative banking rules by extending credit to wealthy inviduals without being able to collect on the credit. On the advice of his attorney, Giraldo pled guilty and received a 42-month sentence. After 20 months, he was released for good behavior.

The IJ concluded that Giraldo was ineligble for asylum, pursuant to INA § 101(a)(43)(M), 8 U.S.C. § 1101(a)(43)(M), because he had been convicted of an aggravated felony. The IJ also found, pursuant to INA § 208(b)(2)(A)(iii), 8 U.S.C. § 1158(b)(2)(A)(iii), that Giraldo had committed a serious nonpolitical crime outside the United States prior to his arrival, which could bar Giraldo from applying for withholding of removal. With regard to the merits of Giraldo's claims of political persecution, the IJ found that Giraldo had failed to establish past persecution or a clear probability of future persecution. The IJ concluded that Giraldo was statutorily ineligible for asylum, withholding of removal and CAT

3

relief and ordered Giraldo removed to Columbia.

Giraldo appealed to the BIA, arguing that the FARC's escalating threats against him constituted political persecution entitling him to asylum and withholding of removal.[1] The BIA adopted and affirmed the IJ's decision in a brief, single-member decision. The BIA concluded that Giraldo was ineligible for asylum because of his aggravated felony conviction. In addition, the BIA found that Giraldo had not met his burden to show that he was a victim of past persecution, faced a clear probability of future persecution or would likely be tortured if returned to Colombia. The BIA found the threats Giraldo faced were not so "menacing or immediate" as to constitute persecution. Giraldo filed this petition for review.

## II. DISCUSSION

Giraldo's petition asserts that the IJ and BIA erred in denying him asylum and withholding of removal. However, we do not have appellate jurisdiction to review these claims.

Pursuant to INA § 242, we do not have jurisdiction to review a final removal order against a petitioner who has committed an offense covered in INA § 212, 8 U.S.C. § 1182, which includes a crime involving moral turpitude. INA

---

[1]Giraldo did not challenge the IJ's finding as to CAT relief before the BIA and does not challenge that finding on appeal.

4

§ 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). The INA does not define the term "moral turpitude." Vuksanovic v. U.S. Att'y Gen., 439 F.3d 1308, 1311 (11th Cir. 2006). Generally, a crime involving dishonesty or a false statement is one involving moral turpitude. Itani v. Ashcroft, 298 F.3d 1213, 1215 (11th Cir. 2002).

Giraldo was convicted of bank theft, a crime that required him to engage in fraud, deceit and dishonesty. In light of these characteristics, we conclude that Giraldo was convicted of a crime involving moral turpitude. Accordingly, we lack jurisdiction to review Giraldo's challenge to the denial of his application for asylum and withholding of removal.

Although we do not have jurisdiction to review the determination that Giraldo was ineligible for asylum or withholding of removal, we retain jurisdiction to review constitutional claims or questions of law raised in Giraldo's petition for review. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).[2] Giraldo raises one constitutional claim – that the BIA's summary affirmance of the IJ's decision violated his due process rights.[3]

---

[2] We review constitutional challenges de novo. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).

[3] We note that Giraldo was not ordered removed based on his prior conviction, but because he attempted to enter the United States using a false passport and visa. Giraldo conceded removability on the grounds charged in his NTA and does not challenge that finding in his petition for review. Furthermore, Giraldo's prior conviction was raised only after he applied for asylum, and Giraldo had notice and an opportunity to address the prior conviction at his

5

A short BIA order affirming an IJ's determination does not preclude meaningful review such that due process rights are violated "because an appellate court 'will continue to have the IJ's decision and the record upon which it is based available for review.'" Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1288-89 (11th Cir. 2003) (addressing summary affirmance under 8 C.F.R. § 3.1(a)(7)(iii), now codified at 8 C.F.R. § 1003.1(e)(4)) (quoting in part Albathani v. INS, 318 F.3d 365, 378 (1st Cir. 2003));[4] see also Prado-Gonzalez v. INS, 75 F.3d 631, 632 (11th Cir. 1996) (addressing BIA's decision adopting IJ's reasoning for denial of suspension of deportation).

Here, the BIA did not violate Giraldo's due process rights when it affirmed the IJ's order in a short decision. The BIA's one-paragraph decision adopted and affirmed the IJ's determination that Giraldo was ineligible for asylum due to his past conviction. The BIA's decision also noted that the record supported the IJ's determination that Giraldo had failed to meet his burden to show that he was a victim of past persecution, faced the clear probability of future persecution or that it is likely that he would be tortured if returned to Colombia. We have the IJ's

_____

asylum hearing.

[4]We point out that the BIA's decision in Giraldo's case was not a summary affirmance pursuant to 8 C.F.R. § 1003.1(e)(4), which approves the result reached by the IJ, but does not necessarily approve the IJ's reasoning. Instead, the BIA's order was a short decision on the merits of Giraldo's claims pursuant to 8 C.F.R. § 1003.1(e)(5).

6

decision and the complete administrative record to review. Furthermore, Giraldo has presented no evidence that the BIA Board member failed to conduct a sufficient review of Giraldo's case before affirming. Thus, Giraldo's due process argument lacks merit.

For these reasons, Giraldo's petition for review is dismissed as to his asylum and withholding of removal claims and denied as to his due process claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**