[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2006
THOMAS K. KAHN
CLERK

No. 06-12990
Non-Argument Calendar

_____

Agency No. A78-908-918

JORGE IVAN ZAPATA-VILLA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 15, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jorge Ivan Zapata-Villa petitions for review of the Board of Immigration

Appeals' decision to deny his claims for asylum and withholding of removal.

Zapata-Villa, a Colombian citizen, entered the United States illegally on September 16, 2002. After being served by immigration officials with a notice to appear, Zapata-Villa conceded that he was removable from the country but claimed that he was entitled to asylum, withholding of removal, and relief under the Convention Against Torture.

At his asylum hearing, Zapata-Villa offered in support of his claims (1) country reports showing that certain parts of Colombia were controlled by the Colombian Armed Revolutionary Forces (FARC), (2) newspaper articles recounting the violence by FARC against coordinators for the Certalinda youth volunteer organization, (3) his testimony that he received death threats from FARC because of his volunteer activities with Certalinda, and (4) a letter from the Colombian prosecutor's office stating that it was investigating Zapata-Villa's accusation that he and his family were threatened by FARC. The IJ found that Zapata-Villa's testimony was not credible because of inconsistencies regarding the threats against him and other Certalinda volunteers. Having discounted Zapata-Villa's testimony, the IJ found that Zapata-Villa was not entitled to asylum because he had failed to meet his burden to establish that he had suffered past persecution or that he has a well-founded fear of future persecution.

As to the withholding of removal claim, the IJ found that since Zapata-Villa

had not meet his burden of showing past persecution or a well-founded fear of future persecution, he did not meet the higher burden for withholding of removal of showing that it would be more likely than not that he would be persecuted if returned to Colombia.  Finally, the IJ found that Zapata-Villa had not met his burden on his CAT claim because he had not shown that the Colombian government had acquiesced to FARC control of certain parts of the country, which is a necessary predicate for CAT relief.

The BIA affirmed and adopted the IJ's decision, but offered two additional reasons to reject Zapata-Villa's asylum claim.  First, the BIA held that even if Zapata-Villa's testimony was credible, he still would not be entitled to asylum because the threats he described did not rise to the level of past persecution. Second, the BIA held that Zapata-Villa could not have a well-founded fear of persecution if he returned to Colombia since his family is currently residing there safely with Zapata-Villa's mother-in-law.

Zapata-Villa now petitions for review of the BIA's decision denying his asylum and withholding of removal claims.[1]  The order subject to our review is the BIA's, except to the extent that the BIA adopts the IJ's decision, in which case we review the findings and conclusions of the IJ.  Al Najjar v. Ashcroft, 257 F.3d

---

[1] Zapata-Villa has not sought review of the IJ's decision to deny him relief under the CAT.  He has therefore abandoned that issue here.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

1262, 1284 (11th Cir. 2001); Prado-Gonzalez v. Immigration & Naturalization Serv., 75 F.3d 631, 632 (11th Cir. 1996). Those findings are reviewed under the substantial evidence test, which means that we "must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Sepulveda, 401 F.3d at 1230. "[T]he IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id.

Zapata-Villa presents no argument against the IJ's finding that his testimony was not credible. He recounts his testimony before the IJ but does not tell us why the IJ's credibility findings about that testimony are in error. This failure is fatal to the argument he does make—that the evidence compels a finding that he suffered past persecution and has a well-founded fear of future persecution. The evidence does not compel such a finding. The only evidence in the record describing Zapata-Villa's persecution was his own testimony. Given the IJ found that his testimony was not credible—a finding not specifically challenged here—we cannot consider that testimony in reviewing the IJ's decision. The problem for Zapata-Villa is that without his testimony, there is nothing in the record to compel a finding that he was persecuted or has a well-founded fear of being persecuted upon his return to Colombia. We therefore must deny his petition for review of the decision denying his asylum claim.

4

Likewise, because there is no evidence compelling a finding that Zapata-Villa has a well-founded fear of persecution, he cannot meet the higher burden for withholding of removal by pointing to evidence compelling a finding that it is more likely than not that he will be persecuted upon his return to Colombia. See Al Najjar, 257 F.3d at 1292–93 ("[w]here an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of [removal]"). Accordingly, Zapata-Villa's petition to review the IJ's decision denying his withholding of removal claim is also due to be denied.

PETITION DENIED.