[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2007
THOMAS K. KAHN
CLERK

Nos. 06-13021, 06-16363
Non-Argument Calendar

_____

BIA Nos. A96-276-529 & A96-276-530

MARITZA AVELINA ROMERO-ANDARCIA,
GABRIELA NAZARET VIVAS-ROMERO,
MARIA NAZARET VIVAS-ROMERO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 1, 2007)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Maritza Avelina Romero-Andarcia, a citizen of Venezuela, on behalf of

herself and her two minor children, petitions for review of the Board of

Immigration Appeals' (BIA) order adopting and affirming the Immigration Judge's (IJ) order denying her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). She separately petitions for review of the BIA's order denying her motion to reopen her removal proceedings, and we have consolidated both petitions.

## I. Asylum, Withholding of Removal, and CAT Claims

Romero-Andarcia first argues that the factual record compels a reversal of the IJ's credibility and factual findings because the inconsistencies in her testimony are explained by the trauma she suffered and are not central to her claims. When, as here, the BIA issues a summary affirmance of the IJ's opinion, we review the IJ's opinion. Mendoza v. U.S. Att'y Gen., 327 F.3d 1284, 1284 n. 1 (11th Cir. 2003). When the IJ offers specific, cogent reasons for an adverse credibility determination, and the IJ's determination is supported by the record, "we will not substitute our judgment for that of the IJ with respect to its credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004) (citation omitted); Chen v. United States Attorney General, 463 F.3d 1228, 1231 (11th Cir. 2006).

In making its adverse credibility determination, the IJ enumerated multiple

2

inconsistencies, that were supported by the record, between Romero-Andarcia's testimony and the written statements that she submitted to the court regarding the dates of alleged events, the identity of her persecutors, and many other details of her alleged persecution. Romero-Andarcia has not shown that the IJ's decision was not based on substantial evidence, or that the record compels a reversal of the IJ's determination. Thus, we deny the petition for review as to these claims.[1]

## II. BIA Summary Affirmance

Romero-Andarcia next argues that the BIA was required to explain the reasons for its affirmance of the IJ's decision. We have held that the BIA "need not write a lengthy opinion that merely repeats the immigration judge's reasons for denying the requested relief, but instead may state that it affirms the immigration judge's decision for the reasons set forth in the decision." Prado-Gonzalez v. INS, 75 F.3d 631, 632 (11th Cir.1996). Accordingly, we cannot find that the BIA committed error in this regard.

## III. Motion to Reopen

Finally, Romero-Andarcia contends that the BIA erred in denying her

---

[1] The standards for establishing eligibility for withholding of removal and relief under CAT are more stringent that those for asylum eligibility, and thus, an alien unable to prove a well-founded fear of persecution, as required for asylum relief, necessarily fails to prove eligibility for withholding of removal or relief under CAT. Forgue v. U.S. Atty. Gen., 401 F.3d 1282, 1288 n. 4 (11th Cir. 2005) (citation omitted).

motion to reopen because she presented new evidence to the BIA in the form of two affidavits from individuals living in Venezuela, both of which stated they had received phone calls from people threatening Romero-Andarcia's and her family's lives upon her return to Venezuela. Romero-Andarcia argues that in conjunction with the evidence that she presented at her hearing before the IJ, she established that she will be the target of persecution if she returns to Venezuela.

We review the BIA's denial of a motion to reopen for an abuse of discretion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). "It is within the discretion of the Board to deny a motion to reopen for at least three reasons: 1) failure to establish a prima facie case [of eligibility for asylum or withholding of removal]; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Li v. U.S. Att'y Gen., No. 06-15148, 2007 WL 1731109, at *3 (11th Cir. June 18, 2007) (quotations and citation omitted). In denying the motion to reopen, the BIA found that the new evidence, in conjunction with the old evidence, did not establish a prima facie case of eligibility for relief, nor did it address the IJ's adverse credibility finding. The BIA's determination is supported by the record and we cannot find that the BIA abused its discretion in denying the motion to reopen.

**PETITIONS DENIED.**

4