[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14991
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2010
JOHN LEY
CLERK

Agency No. A099-158-878

FRANKLIN NEWMAN GRANT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 29, 2010)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Franklin Newman Grant, through counsel, petitions this Court to

review the decision of the Board of Immigration Appeals. After Grant failed to appear at his removal hearing, the Immigration Judge entered an order of removal in his absence. Grant filed a motion to reopen his removal proceedings before the IJ, arguing that that he could show exceptional circumstances for his failure to appear. The IJ denied that motion, and the BIA affirmed. In his appeal to the BIA, Grant also filed a motion to reopen his proceedings in order to allow him to pursue an adjustment of status, and the BIA denied that motion as well. In this Court, Grant contends (1) that the IJ and the BIA erred in finding that he failed to show exceptional circumstances that would excuse his failure to appear at his removal hearing and warrant the reopening of his removal proceedings; and, alternatively, that (2) the BIA abused its discretion in declining to reopen his proceedings to allow him to pursue adjustment of status.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Although the BIA in this case did not expressly adopt the IJ's decision or reasoning, it affirmed and agreed with the IJ's decision that Grant did not show exceptional circumstances, so we review the decisions of both the BIA and the IJ on this point. See Prado-Gonzalez v. INS, 75 F.3d 631, 632 (11th Cir. 1996).

2

I.

We review the denial of a motion to reopen a removal order only for an abuse of discretion. <u>Montano Cisneros v. United States Att'y Gen.</u>, 514 F.3d 1224, 1226 (11th Cir. 2008). Our review is limited to determining whether there has been an exercise of administrative discretion and whether that discretion has been exercised in an arbitrary or capricious manner. <u>Id.</u> (quotation omitted).

An alien who seeks to reopen a removal order that was entered in his absence must show that his failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances" are circumstances beyond the control of the alien, such as his own serious illness, or the serious illness or death of his spouse, child, or parent. 8 U.S.C. § 1229a(e)(1). Less compelling circumstances do not qualify. <u>Id.</u> A motion to reopen must be "supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).

The BIA did not abuse its discretion in denying Grant's motion to reopen his removal proceedings. Despite Grant's insistence that he honestly relied on the assurances of an immigration officer that he should not leave Connecticut and that his hearing would be relocated there, he failed to establish that such reliance constituted an "exceptional circumstance" as defined by regulation. Although Grant testified through his own affidavit that he relied on the immigration officer

in not attending the hearing, the BIA did not act arbitrarily or capriciously in rejecting that testimony, without more, in light of Grant's past willful misrepresenation to immigration officials when he entered the United States using a passport with the name of another person. Grant also failed to submit any other evidentiary support such as an affidavit from the immigration officer despite having that officer's phone number. Therefore, neither the IJ nor the BIA abused its discretion in denying Grant's motion to reopen because Grant could not show that he failed to appear to due to exceptional circumstances.

## II.

When filing a motion to reopen proceedings for the purpose of submitting an application for relief, an alien is required to attach "the appropriate application for relief and all supporting documentation." 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

The BIA did not abuse its discretion in denying Grant's motion to reopen his proceedings because Grant did not establish a prima facie eligibility for adjustment of status. He neither attached his application for adjustment of status nor presented

4

evidence that was previously unavailable.

**DENIED.**