**Emeterio RODRIGUEZ–RIVERA, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 92–3880.**

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1993.

Decided May 14, 1993.

William E. Pfeiffer, Omaha, NE, for petitioner.

Lisa Dornell, Dept. of Justice, Washington, DC, for respondent.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Emeterio Rodriguez–Rivera petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's (IJ) denial of his application for a waiver of inadmissibility pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We affirm.

Rodriguez–Rivera, a native of Mexico, obtained a visa to remain in the country as a Permanent Resident Alien in August 1984. In March 1991, Rodriguez–Rivera pleaded guilty to possession of cocaine in violation of Neb.Rev.Stat. § 28–416(3) (1989), and the Nebraska district court sentenced him to twenty months to four years imprisonment. In September 1991, the Immigration and Naturalization Service (INS) ordered Rodriguez–Rivera to show cause why he should not be deported under section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(B)(i) (West Supp.1993).

After a hearing, the IJ found that the evidence was "clear, convincing, and unequivocal" that Rodriguez–Rivera was deportable due to his conviction for possession of cocaine. In addition, after reviewing all of the testimony from the deportation hearing, the IJ determined that Rodriguez–Rivera did "not merit the favorable exercise of discretion" and denied Rodriguez–Rivera's request for relief under section 212(c).

Rodriguez–Rivera appealed to the BIA. He conceded that the IJ "properly found him deportable," but argued that the IJ "erred in determining that he was not eligible for relief under section 212(c)." In November 1992, the BIA dismissed the appeal, holding that Rodriguez–Rivera "failed to meet his burden of demonstrating that he is entitled to a grant of section 212(c) relief as a matter of discretion." The BIA noted that although Rodriguez–Rivera had shown many favorable equities, "they are not sufficient to counter-

balance the adverse factor in his case"—"he admitted to selling drugs on a weekly basis for at least five months prior to his arrest."

Rodriguez–Rivera now argues that the BIA's dismissal of his application for relief under section 212(c) was an abuse of discretion, arbitrary and capricious, and not supported by reasonable, substantial, and probative evidence. Rodriguez–Rivera contends the BIA was required to consider his remorsefulness and participation in drug counseling programs as favorable factors because, in a previous case, *Matter of Roberts*, Interim Decision 3148 (BIA 1991), the BIA "chastised a 212(c) applicant who was a drug trafficker for being more interested in giving excuses ... rather than in expressing remorse ... [and] pointed out that the applicant had not submitted any evidence of participation in a drug counseling program."

The BIA's dismissal of Rodriguez–Rivera's application for a waiver under section 212(c) was a discretionary decision. 8 U.S.C. § 1182(c). We review for an abuse of discretion. *See, e.g., Ayala–Chavez v. INS*, 944 F.2d 638, 642 (9th Cir.1991). In addition, our scope of review "is limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner." *Garcia–Lopez v. INS*, 923 F.2d 72, 74 (7th Cir.1991). The BIA abuses its discretion by making decisions without rational explanation, departing inexplicably from established policies, or discriminating invidiously against a particular race or group. *See id.* The only other requirement is that the BIA "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *E.g., Vergara–Molina v. INS*, 956 F.2d 682, 685 (7th Cir.1992) (*quoting Becerra–Jimenez v. INS*, 829 F.2d 996, 1000 (10th Cir.1987).

Assuming that Rodriguez–Rivera is an alien eligible for relief under section 212(c), *see, e.g., Vargas v. INS*, 938 F.2d 358, 359 (2d Cir.1991), we conclude that the BIA's decision must be affirmed. There is ample evidence that the BIA thoughtfully considered Rodriguez–Rivera's appeal. It is not necessary for the BIA to list every possible

positive and negative factor in its decision. *See Osuchukwu v. INS,* 744 F.2d 1136, 1142–43 (5th Cir.1984) (BIA "has no duty to write an exegesis on every contention"). The BIA satisfied the requirement that it announce its decision in terms sufficient to enable this court to determine that it has·considered the facts—heard and thought, not merely reacted.

 In addition, Rodriguez–Rivera has failed to come forth with any facts showing that the BIA abused its discretion by making its decision without rational explanation, departing inexplicably from established policies, or discriminating invidiously against a particular race or group. *See Garcia–Lopez,* 923 F.2d at 74. While Rodriguez–Rivera notes that the BIA has previously chastised a 212(c) applicant who failed to express remorse and did not submit any evidence of participation in a drug counseling program, we conclude that Rodriguez–Rivera has not shown that the BIA failed to consider his remorsefulness and participation in a rehabilitation program. *See Kaczmarczyk v. INS,* 933 F.2d 588, 595 (7th Cir.) (BIA "is entitled to a presumption of regularity," and petitioner has burden to prove "BIA gave short shrift" to evidence presented), *cert. denied,* —— U.S. ——, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991).

Accordingly, we affirm.