Juan Francisco VARELA–BLANCO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 93–2265.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided March 10, 1994.

Counsel who presented argument on behalf of the appellant was Cynthia Lawritson, Lincoln, NE, supervised by Kevin Ruser, Lincoln, NE. Additional attorney appearing on the brief was Guy Rr. Spayth, Jr.

Counsel who presented argument on behalf of the appellee was Richard Evans, Washington, D.C.

Before BOWMAN and WOLLMAN, Circuit Judges, and ALSOP,* Senior District Judge.

PER CURIAM.

Juan Francisco Varela–Blanco ("Varela"), a native and citizen of Mexico, appeals from a decision of the Board of Immigration Appeals (the "Board") denying his application for a waiver from deportation pursuant to section 212(c) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1182(c), and ordering him deported to Mexico. We affirm.

**I.**

Varela, forty-eight years old, entered the United States along with his family in 1975 by using a border-crossing card that required him to stay within twenty-five miles of the border. Ignoring the twenty-five mile limit, Varela and his family moved to Muscatine, Iowa, where Mrs. Varela's family resided. Upon arriving in Iowa, Varela began working for the HON Company, at which he continued to work for thirteen years. On April 3, 1985, Varela was admitted to the

---

* The HONORABLE DONALD D. ALSOP, Senior United States District Judge for the District of Minnesota, sitting by designation.

United States as a lawful permanent resident.

In March 1989, Varela was arrested for sexually abusing his eight-year-old niece on several occasions. He pled guilty in Iowa state court on May 26, 1989, to committing lascivious acts with a child and was sentenced to five years in prison.

On September 28, 1989, the Immigration and Naturalization Service issued an Order to Show Cause, charging Varela with being deportable under section 241(a)(4) of the Act, 8 U.S.C. § 1251(a)(4).[1] At his deportation hearing, Varela conceded that he was deportable, but applied for a waiver from deportation under section 212(c). The immigration judge granted the section 212(c) waiver. By a two-to-one vote the Board reversed the judge's grant of the waiver, however, and ordered Varela deported to Mexico. Varela appeals.

## II.

■ Pursuant to section 212(c) of the Act, the Board may waive the deportation of an alien who has been a lawful permanent resident for seven years and who is being deported for certain specified reasons, including a criminal conviction. *Espinoza v. INS*, 991 F.2d 1294, 1297 (7th Cir.1993); *see Francis v. INS*, 532 F.2d 268, 270–73 (2d Cir.1976) (discussing the interpretation of section 212(c)); *Matter of Silva*, 16 I. & N. Dec. 26 (BIA 1976) (same). Section 212(c), however, does not automatically provide a waiver for all who are eligible for such relief. *Cordoba–Chaves v. INS*, 946 F.2d 1244, 1247 (7th Cir.1991); *Matter of Coelho*, Interim Dec. 3172, slip op. at 5 (BIA Apr. 30, 1992). Rather, a section 212(c) waiver of deportation is within the Board's discretion, and the alien bears the burden of establishing that his application merits favorable consideration. *Cordoba–Chaves*, 946 F.2d at 1247; *Matter of Coelho*, slip op. at 5.

■ In exercising its discretion, the Board balances the social and humane considerations presented in the alien's favor against any adverse factors evidencing his undesirability as a permanent resident. *Espinoza*, 991 F.2d at 1297; *Matter of Coelho*, slip op. at 5. The Board has stated that the following factors are favorable considerations: (1) family ties within the United States; (2) residence of long duration in this country; (3) evidence of hardship to the alien and his family if deportation occurs; (4) service in this country's armed forces; (5) a history of employment; (6) the existence of property or business ties; (7) evidence of value and service to the community; (8) proof of genuine rehabilitation if a criminal record exists; and (9) other evidence attesting to an alien's good character. *Espinoza*, 991 F.2d at 1297; *Matter of Coelho*, slip op. at 5.

On the other hand, the Board has listed the following considerations as adverse factors: (1) the nature and underlying circumstances of the deportation ground at issue; (2) any additional significant violations of this country's immigration laws; (3) the existence of a criminal record and, if so, its nature, recency, and seriousness; and (4) other evidence of bad character or undesirability as a permanent resident. *Espinoza*, 991 F.2d at 1297; *Matter of Coelho*, slip op. at 5. One or more of these adverse factors may ultimately be determinative of whether relief should be granted under section 212(c). *Espinoza*, 991 F.2d at 1297; *Matter of Coelho*, slip op. at 5.

■ If an alien is being deported for committing a serious crime, he may be required to introduce a heightened level of favorable evidence, demonstrating unusual or outstanding equities. *Espinoza*, 991 F.2d at 1297; *Matter of Coelho*, slip op. at 6. As stated above, Varela was convicted for having had sexual contact with his young niece on multiple occasions. The Board found that the seriousness of Varela's criminal acts required that he demonstrate unusual or outstanding equities. Varela does not challenge this finding.

In examining Varela's favorable factors, the Board first considered the duration of his residence. The Board noted that Varela had lawfully resided in the United States for

---

1. Prior to being amended in 1990, section 241(a)(4) provided that an alien was deportable if he had been convicted of a crime involving moral turpitude committed within five years after lawful entry into the United States and had been sentenced to a year or more in prison.

eight years, only one more year than the seven years necessary to be eligible for a section 212(c) waiver. The Board acknowledged that Varela had resided unlawfully in this country for ten years before becoming a legal resident. The Board stated, however, that it would not consider Varela's years of illegal residence on par with his years of legal residence. Consequently, the Board concluded that although it considered eighteen years of residence a favorable factor, because Varela had been a lawful resident for only eight of those years it did not consider his duration of residence an unusual or outstanding equity.

With respect to Varela's employment history, the Board observed that prior to his incarceration Varela had been employed by one company for thirteen years and that after his imprisonment he had immediately found employment. The Board stated, however, that it would not consider Varela's years of employment prior to his admission as a lawful resident because he had not been authorized to work in the United States at that time. The Board concluded that although his employment history was favorable, it was not unusual or outstanding.

As for Varela's family ties to the United States, the Board noted that he had family here and found that this was a favorable factor, but not an usual or outstanding factor. The Board also found that neither Varela nor his family would suffer unusual or outstanding hardship if he were deported. Although his family would suffer emotional hardship, the Board found that they would be able to support themselves in the United States and that he would be employable in Mexico.

In the final part of its analysis, the Board observed that Varela had presented considerable evidence of rehabilitation, but found that such evidence did not rise to the level of an unusual or outstanding equity. The Board further observed that Varela had presented no evidence that he had served in the armed forces, had been substantially involved in the community, or owned property in the United States. The Board concluded by stating that "[u]pon review of all favorable factors of record, we do not find that they rise to the level of unusual or outstanding equities."

The Board therefore reversed the immigration judge's grant of the waiver from deportation.

### III.

■ The Board's decision to deny Varela's application for a section 212(c) waiver was discretionary, and we therefore review it for abuse of discretion. *Rodriguez–Rivera v. INS,* 993 F.2d 169, 170 (8th Cir.1993) (per curiam) (citing *Ayala–Chavez v. INS,* 944 F.2d 638, 642 (9th Cir.1991)). Our review is limited to examining whether the Board's discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner. *Id.* (citing *Garcia–Lopez v. INS,* 923 F.2d 72, 74 (7th Cir.1991)). We will find that the Board acted arbitrarily or capriciously if it made a decision without a rational explanation, departed inexplicably from an established policy, or discriminated invidiously against a particular race or group. *Id.*

Varela argues that the Board abused its discretion by considering only equities that accrued during his lawful permanent residence. Varela contends that the Board should have weighed all of his equities, including those that accrued during the period of his illegal residence.

We note that Varela, in effect, does not quarrel with the Board's analysis of his family ties to the United States, the hardship to him and his family, or his rehabilitation. If the Board had considered Varela's undocumented years of residence, its treatment of these factors would have been the same. Essentially, then, Varela challenges the Board's analysis only of his duration of residence and his employment history. In particular, he argues that the Board abused its discretion by failing to consider his undocumented years of residence on par with his documented years and by refusing to consider his undocumented years of employment.

■ We find that the Board's analysis of Varela's duration of residence and employment history to be rational. We do not believe that Varela should necessarily receive favorable consideration for living and working in the United States when he was unauthorized to do so. Indeed, one of the adverse

588

factors to be considered in ruling on an application for a section 212(c) waiver is an alien's violation of this country's immigration laws.

We further find that Varela has failed to show that the Board's treatment of his illegal years of residence departed from established Board policy or legal precedent. Indeed, Varela conceded at oral argument that he has found no case that requires the Board to treat an alien's undocumented years of residence the same as his documented years. Varela points only to *Espinoza v. INS*, 991 F.2d 1294 (7th Cir.1993). In that opinion, however, the Seventh Circuit merely recognized that an alien applying for a section 212(c) waiver had resided in the United States for twenty years, ten of which he had been permanent resident. *Id.* at 1298, 1301. The court did not state that the Board should consider an alien's undocumented years of residence on par with his documented years.

Accordingly, we hold that the Board did not abuse its discretion in evaluating Varela's duration of residence or his employment history.

Citing *Matter of Edwards*, Interim Dec. 3134, slip op. at 10 (BIA May 2, 1990), and *Matter of Coelho*, slip op. at 8, Varela next argues that the Board has an established policy of cumulatively weighing an alien's favorable equities in determining whether such equities are unusual or outstanding. He further contends that the Board failed to consider his favorable equities cumulatively and therefore abused its discretion by departing from an established policy.

Assuming that the Board has a policy of cumulatively weighing an alien's favorable equities, Varela has failed to convince us that the Board did not do so in his case. In its discussion of Varela's application for a waiver, the Board stated that the determination whether an alien has demonstrated unusual or outstanding equities can be made only after a complete review of his favorable factors. The Board then examined each favorable factor individually and found that no one factor by itself rose to the level of unusual or outstanding. At the conclusion of its analysis, the Board stated that "[u]pon review of all favorable factors of record, we do not find that they rise to the level of unusual or outstanding equities." Although the Board did not use the word "cumulatively," this statement indicates that the Board considered Varela's favorable equities cumulatively and found that, taken together, they were not unusual or outstanding.

Accordingly, we affirm the Board's denial of Varela's application for a section 212(c) waiver from deportation and its order of deportation.

We express our appreciation to Varela's counsel for their zealous efforts on Varela's behalf.