**Jonathan Tesfazghi MAASHIO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 94–2028.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Jan. 26, 1995.

Rehearing Denied March 8, 1995.

Carol Sue Merlin, Minneapolis, MN, argued (Richard L. Breitman on the brief), for appellant.

Donald A. Couvillon, Washington, DC, argued (Richard M. Evans on the brief), for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

MAGILL, Circuit Judge.

Jonathan Tesfazghi Maashio seeks review of the Bureau of Immigration Appeals' (BIA) summary affirmance of the Immigration Judge's (IJ) denial of his application for a § 212(c)[1] waiver of deportability. Maashio argues that the BIA abused its discretion by summarily affirming the IJ's decision and that the IJ abused his discretion by denying his application for a § 212(c) waiver. We affirm.

## I. BACKGROUND

Maashio is a twenty-eight-year-old single male permanent resident of the United States who is a native and citizen of Ethiopia. Maashio entered the United States on May 11, 1982, with his father, mother and siblings as a refugee.

Maashio was convicted on two counts of criminal sexual misconduct in the third degree in Minnesota state court on August 8, 1989. Maashio's sentence on each of these counts was stayed and he was placed on probation on the condition that he pay fines and serve ninety days in jail for each count.

After this conviction, the Immigration and Naturalization Service (INS) initiated deportation proceedings, issuing an Order to Show Cause charging Maashio with deportability under § 241(a)(2)(A)(ii) of the Immigration and Nationality Act (the Act)[2] on April 8, 1991. At his initial hearing, Maashio conceded deportability and requested a waiver of deportability pursuant to § 212(c) of the Act. Section 212(c) gives the Attorney General discretion to waive deportability. Maashio bears the burden of establishing that he merits such a waiver as a matter of discretion.

After deportation proceedings were initiated, Maashio's criminal activities expanded. In June 1991, Maashio was convicted of driving under the influence of alcohol; in July 1991, he was again convicted of driving under the influence of alcohol; in January 1992, he

---

1. This section is currently codified at 8 U.S.C. § 1254 (1994).

2. This section is currently codified at 8 U.S.C. § 1251(a)(2)(A)(ii) (1994), which provides: "any alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."

was convicted for possession of drug paraphernalia; in March 1992, he was convicted for possessing a small amount of marijuana; in May 1992, he was convicted of theft; and in December 1992, Maashio received his third conviction for driving under the influence of alcohol. The Minnesota state court found Maashio in violation of his probation on April 14, 1993, and modified his probation based on his continued violations. J.A. at 69–70. Prior to this modification, Maashio twice faced hearings for revocation of probation for failure to pay his fines. J.A. at 61–62. Additionally, Maashio's driver's license was revoked and his record contains charges of driving without a license.

Based on Maashio's extensive criminal history, the IJ required a heightened showing of unusual and outstanding equities in order for Maashio to obtain a favorable exercise of discretion. The IJ reviewed the evidence and found several factors favoring relief: Maashio's immediate family resides in the United States; Maashio lacks family ties to Ethiopia; Maashio has resided in the United States since he was nineteen; his mother would suffer emotional hardship if Maashio was deported; Maashio is engaged to a United States citizen; and Maashio has been steadily employed.

The IJ determined that Maashio had shown unusual and outstanding equities, but that he did not warrant a favorable exercise of discretion due mainly to his continued criminal activities after his 1989 convictions. The IJ rejected Maashio's allegations of rehabilitation, noting that his rehabilitation within the past seven months was too recent to determine if Maashio underwent any meaningful change. Accordingly, the IJ denied Maashio's application for a § 212(c) waiver of deportability.

Maashio appealed the IJ's decision to the BIA. The BIA found Maashio raised no new issues on appeal and summarily affirmed the IJ's decision "based upon and for the reasons set forth in that decision." J.A. at 1. This petition for review followed.

## II. DISCUSSION

The BIA's denial of Maashio's waiver of deportability under § 212(c) was a discretion-ary decision and we review for abuse of discretion. *Rodriguez–Rivera v. I.N.S.,* 993 F.2d 169, 170 (8th Cir.1993) (per curiam). "[O]ur scope of review 'is limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner.'" *Id.* (citation omitted).

### A. Summary Affirmance

Maashio argues that the BIA abused its discretion by summarily affirming the IJ's decision. Maashio argues that the BIA prevented a meaningful review of its decision by failing to state the issues or providing a reasoned analysis for its decision.

In *Safaie v. I.N.S.,* we found no abuse of discretion when the BIA did not set forth its reasoning in a separate opinion. 25 F.3d 636, 641 (8th Cir.1994). In *Safaie,* the BIA adopted the IJ's decision as its own, supplementing it with a footnote. *Id.* We stated that the footnote evidenced a de novo review by the BIA and affirmed.

■ We reject Maashio's contention that the BIA abused its discretion by summarily affirming the IJ. Maashio correctly argues that the "BIA abuses its discretion by making decisions without rational explanation," and that it must "'consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Rodriguez–Rivera,* 993 F.2d at 170 (citation omitted). The BIA stated in its order that it affirmed the IJ based upon and for the reasons set forth in the IJ's decision. When, as in this case, no new issues are raised on appeal, we believe that the BIA satisfied the requirement that it consider the issues raised and not merely react. We agree with the Second Circuit that in such an instance we review the decision of the IJ for abuse of discretion. *Arango–Aradondo v. I.N.S.,* 13 F.3d 610, 613 (2d Cir.1994).

■ We do not believe that *Cortes–Castillo v. I.N.S.* compels a contrary result. 997 F.2d 1199 (7th Cir.1993). In *Cortes–Castillo,* the Seventh Circuit held that the BIA abused its discretion by adopting the IJ's decision. *Id.* at 1203. However, the court noted that the BIA summarily dismissed the favorable

factors in Cortes's case because it was operating under the mistaken premise that he was statutorily ineligible for a § 212(c) waiver. *Id.* Additionally, the court noted that the BIA could not rely on the IJ's discussion of Cortes's rehabilitation when its decision was issued more than five years after the IJ's decision and Cortes had offered new information to the BIA. *Id.* Unlike *Cortes–Castillo,* Maashio presented no new evidence to the BIA and its decision was issued shortly after the IJ decisions. We hold only that in Maashio's case the BIA did not abuse its discretion by issuing a summary affirmance "based upon and for the reasons set forth in [the IJ's] decision." J.A. at 1.

## B. Section 212(c) Waiver

■ Section 212(c) of the Act allows the BIA to waive the deportability of an alien "who has been a lawful permanent resident for seven years and who is being deported for certain specified reasons, including a criminal conviction." *Varela–Blanco v. I.N.S.,* 18 F.3d 584, 586 (8th Cir.1994) (citations omitted). Granting a § 212(c) waiver rests within the discretion of the IJ, and the alien bears the burden of establishing that his § 212(c) waiver application merits favorable consideration. *Id.*

■ The IJ examines the merits of each individual case to determine whether a § 212(c) waiver is warranted. The IJ balances the favorable factors an alien presents against the adverse factors evidencing the alien's undesirability as a permanent resident. *Hajiani–Niroumand v. I.N.S.,* 26 F.3d 832, 835 (8th Cir.1994). The factors the IJ considers favorable to an alien include:

(1) the existence of family ties within the United States; (2) length of residence in the United States; (3) entry into this country at a young age; (4) hardship to the alien and family if deported; (5) history of employment; (6) service in this country's military; (7) property or business ties[;] (8) community service; [ (9) ] when there is a criminal record, proof of genuine rehabilitation; and [ (10) ] any other good character evidence.

*Id.* These factors are balanced against any negative factors including:

(1) the nature and circumstances of the crime giving rise to deportation; (2) additional significant immigration violations; (3) the existence, nature, recency, and seriousness of the [alien's] criminal record; and (4) any other negative character evidence.

*Id.*

## 1. Heightened Showing of Equities

Maashio argues that the IJ abused its discretion by requiring him to demonstrate unusual or outstanding equities to be eligible for a § 212(c) waiver.

■ As the negative factors in a particular case increase, the IJ may require the alien to make a heightened showing of favorable factors which constitute unusual or outstanding equities. *Id.* (citing *Varela–Blanco,* 18 F.3d at 586). Such a heightened showing may be required by "a single serious crime, or ... a succession of criminal acts which together establish a pattern of serious criminal misconduct." *Matter of Edwards,* Interim Dec. 3134, at 7 (BIA 1990) (citing *Matter of Buscemi,* Interim Dec. 3058, at 8 (BIA 1988)). Furthermore, if the adverse considerations are serious enough, discretionary relief by the IJ may not be warranted, even if the alien presents unusual or outstanding equities. *Yepes–Prado v. I.N.S.,* 10 F.3d 1363, 1366 (9th Cir.1993).

■ The IJ determined that Maashio's continued criminal misconduct after the two 1989 convictions for criminal sexual misconduct in the third degree constituted a pattern of serious criminal misconduct warranting a heightened showing of unusual or outstanding equities. This was not an abuse of discretion. We believe that the IJ would not have abused his discretion if he had required the heightened showing based solely on the two 1989 convictions. After deportation proceedings were initiated, Maashio was convicted of six state offenses and underwent probation revocation hearings on three separate occasions. We disagree with Maashio that his criminal conduct is not serious because his subsequent offenses were misdemeanors and did not result in significant jail time. Maashio's continuing criminal activity evidenced a disregard for the criminal laws of the United States at a time when one would expect Maashio to be on his best behavior and constitutes a pattern of serious criminal misconduct.

Maashio refers us to *Matter of Frentescu* as a guide for determining when a particular crime is serious. Interim Dec. 2906 (BIA 1982). Although this case does not address § 212(c) waivers, we think its guidelines for determining when a crime is serious are helpful. In *Frentescu,* the BIA stated that

[i]n judging the seriousness of a crime we look to such factors as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and *most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community.*

*Id.* at 4 (emphasis added). It is obvious to us that Maashio's repeated driving under the influence convictions indicate that he is a danger to the community. Accordingly, these three convictions by themselves are serious and they evidence a pattern of criminal misconduct. Therefore, the IJ did not abuse his discretion by requiring a heightened showing of unusual or outstanding equities.

### 2. Rehabilitation

In determining that Maashio did not warrant a § 212(c) waiver of deportability, the determinative factors were Maashio's criminal history and that he had not demonstrated that he was rehabilitated. Maashio argues that the IJ abused its discretion by determining that he is not rehabilitated. Maashio asserts that the IJ cannot consider his six misdemeanor convictions incurred after deportation proceedings were initiated when determining whether Maashio is rehabilitated.

The BIA ordinarily requires an alien with a criminal record to make a showing of rehabilitation before it will grant a § 212(c) waiver, although this is not an absolute prerequisite. *Diaz–Resendez v. I.N.S.,* 960 F.2d 493, 496 (5th Cir.1992). The BIA may require a firm showing of rehabilitation if the conviction is recent and serious. *Matter of Roberts,* Interim Dec. 3148 (BIA 1991).

The IJ's consideration of Maashio's rehabilitation focuses on whether Maashio has demonstrated a "general, reformation or restoration to a way of life where future criminal conduct is unlikely." *Palacios–Tor-*

*res v. I.N.S.,* 995 F.2d 96, 99 (7th Cir.1993). We find Maashio's contention that the IJ erred in considering his continuing criminal misconduct after the initiation of deportation proceedings because they were dissimilar to his 1989 sexual misconduct convictions to be wholly without merit.

The IJ's determination that Maashio's change in behavior was too recent to determine that he was rehabilitated was not arbitrary or capricious. This is especially true considering that most of Maashio's convictions and misconduct occurred after deportation proceedings were initiated: a time when it was important for Maashio to show he had reformed his character. Therefore, the IJ did not abuse its discretion in determining that Maashio did not demonstrate that he was rehabilitated.

### 3. Bias

Maashio argues the IJ abused its discretion by basing its decision on an impermissible basis. Maashio argues that the IJ was biased against him because the IJ had previously ordered Maashio's brother deported.

Maashio refers to several places in the record where the IJ questioned him about his relationship with his brother and whether Maashio was aware that his brother had been ordered deported. Assuming for the sake of argument that these comments were improper, we believe that any error stemming from them is harmless. *See Ortiz–Salas v. I.N.S.,* 992 F.2d 105, 106 (7th Cir.1993) (as in criminal cases, harmless errors in deportation cases do not justify reversal). Maashio offers no evidence that his brother's deportation proceedings influenced the IJ's decision to deny his § 212(c) waiver. Maashio argues that the IJ's bias is evident in that the IJ required a heightened showing of equities and determined Maashio was not rehabilitated. Based upon our independent review of the record, we determined that the IJ was within his discretion to require a heightened showing of equities and determine that Maashio has not demonstrated he is rehabilitated. Accordingly, Maashio has not demonstrated any casual connection between the alleged bias of the IJ and his decision to deny a § 212(c) waiver to Maashio.

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the IJ denying Maashio's application for a § 212(c) waiver.