NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 10a0360n.06

No. 09-3273

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 11, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MOHAMAD IBRAHIM MHAIDLI, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW FROM A |
| | ) | FINAL ORDER OF THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS, AGENCY |
| | ) | No. A099 997 321 |
| ERIC H. HOLDER, JR. | ) | |
| | ) | |
| Respondent. | ) | |

Before:     **KENNEDY** and **COLE,** Circuit Judges; **JORDAN,**[*] District Judge.

**LEON JORDAN,** District Judge.   Petitioner Mohamad Mhaidli, a native and citizen of Lebanon, appeals a Board of Immigration Appeals ("Board" or "BIA") decision denying a motion to reopen his removal proceedings.   An Immigration Judge ("IJ") ordered Mhaidli removed *in absentia* after he failed to appear at his removal hearing because he was mistaken about the date. For the reasons that follow, we **DENY** Mhaidli's petition for review. [1]

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 29, 2007, Mhaidli was served with a Notice to Appear that charged him with being removable as an alien present in the United States without inspection.   The Notice to Appear informed Mhaidli that he was required to appear at a hearing before an IJ at a date to be set.   The

_____

[*] The Honorable Robert Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1] Mhaidli filed a motion to stay agency judgment pending this appeal, which was denied April 28, 2010.

notice warned him that his failure to appear could mean removal in his absence. On June 7, 2007, Mhaidli was served with notice of the date and time of his hearing, which was set for October 4, 2007. That hearing notice again warned Mhaidli that if he failed to appear he could be removed in his absence. Mhaidli admits that he received the notice. He, however, failed to appear at his hearing, and the IJ ordered him removed *in absentia*.

After becoming aware of the missed hearing date, Mhaidli obtained counsel and filed a motion to reopen proceedings on October 11, 2007. He asserted in the motion that a series of unfortunate and exceptional circumstances were the cause of his failure to attend. In support of the motion, Mhaidli attached his affidavit, which states in pertinent part as follows:

> 1. I do not speak English and have been under a great deal of stress with related health problems.
> 2. I have given all my important papers to a very close friend, Mary Bazzi, who is like a sister to me. She keeps all my important papers and I thought that she would remind me of the date for the Master Hearing. I was under the mistaken opinion that the Master Hearing was set for April of next year.
> 3. However, Mary Bazzi forgot to remind me of the hearing date and I missed it.
> 4. My brother is also involved in immigration proceedings and therefore had retained an Attorney, who is also an acquaintance of Mary Bazzi, to handle those immigration proceedings. I was short of funds to retain this Attorney when I spoke to this attorney concerning this matter and about paying a retention fee. I was under the belief that the Attorney had recorded the date of my Hearing and would contact me before the Master hearing about the paying the retention fee and tell me the date.
> 5. Because I did not hear from either Mary Bazzi or the Attorney, who I relied on, I missed the date.

In a footnote to the affidavit, Mhaidli represented that "further substantiation" of the stress and health problems would be presented to the court. Mhaidli did not, however, submit any additional documentation regarding these problems.

The IJ denied the motion to reopen on November 23, 2007, noting that Mhaidli failed to show exceptional circumstances beyond his control to excuse his failure to appear. The IJ noted that Mhaidli did not dispute that he had received notice of the hearing but simply asserted that he was "confused" about the date, which fails to meet the exceptional circumstances standard.

Mhaidli appealed the IJ's decision to the BIA. While again conceding that he had received notice of the hearing, Mhaidli argued to the Board that the "exceptional circumstances" standard for granting a motion to reopen an *in absentia* order is unconstitutionally vague. He further argued that the IJ should have given him a hearing on his motion to reopen.

The BIA dismissed Mhaidli's appeal on February 11, 2009. The Board noted that Mhaidli conceded that he received notice of the hearing but that he contended he missed the hearing date because he relied on another person to advise him. The Board also noted that there was no additional evidence in the record to substantiate the stress and health problems that Mhaidli said caused or contributed to his missing the hearing date. With regard to Mhaidli's constitutional challenge, the Board found that the law is well settled that the BIA lacks jurisdiction to rule on the constitutionality of the Immigration and Nationality Act ("INA"). In addition, the BIA noted that Mhaidli had not cited to pertinent legal authority to support his contention that the IJ is required to hold an evidentiary hearing to reopen proceedings when the respondent has failed to appear for hearing due to exceptional circumstances. Last, the Board found that the IJ correctly determined that Mhaidli failed to establish exceptional circumstances for his failure to appear at the hearing on October 4, 2007. This petition for review followed.

3

**STANDARD OF REVIEW**

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). This court reviews the denial of a motion to reopen under an abuse of discretion standard. *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009). An abuse of discretion occurs when the denial of the motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (citing *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)). This court reviews questions of law de novo. *Khalili*, 557 F.3d at 435. However, "substantial deference is given to the BIA's interpretation of the INA and accompanying regulations." *Id.* (citations omitted). The BIA's factual findings are reviewed under the substantial evidence standard. *Sanusi v. Gonzales,* 474 F.3d 341, 345 (6th Cir. 2007).

**DISCUSSION**

An alien may be deported for failing to appear at a removal proceeding. *See* 8 U.S.C. § 1229a(b)(5)(A). "If an alien is provided proper written notice of a removal proceeding and still fails to attend, the IJ must enter an *in absentia* order of removal if the agency establishes 'by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable [ ].'" *Ablahad v. Gonzales*, 217 F. App'x 470, 473 (6th Cir. 2007). An *in absentia* removal order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances" are defined as those

4

"circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

Mhaidli does not dispute that he received notice of the hearing, nor does he claim that he was in custody or ill and therefore unable to attend. He contends that he was mistaken about the date of the hearing because his friend Mary Bazzi neglected to inform him of the correct date. The issue in this appeal is whether Mhaidli's mistaken understanding about the date of his hearing demonstrates exceptional circumstances.

This court recently addressed a similar circumstance in *Acquaah v. Holder*, 589 F.3d 332 (6th Cir. 2009). The petitioner, a native and citizen of Ghana, had received notice to appear at a telephonic hearing but failed to appear. The IJ ordered him removed *in absentia*. Acquaah acknowledged that he received proper notice that the hearing was set for July 5, but he mistakenly believed it was to be held on July 7. He discovered he had missed the hearing when he appeared on July 7. Two motions to reopen were filed, both of which were denied by the IJ.[2] This court held, "Acquaah's mistake as to the correct date of his hearing had severe consequences, but it was a 'less compelling circumstance [ ]' than that required for relief under 8 U.S.C. § 1229a(e)(1)." *Id*. at 337.

---

[2] Acquaah's attorney did not file the motion to reopen as he represented he would, and after two and a half years, Acquaah was taken into custody. Another attorney was retained, and both filed motions to reopen that were well outside the 180 days set out in 8 U.S.C. § 129a(b)(5)(C)(i). Acquaah asserted ineffective assistance of counsel and equitable tolling arguments that this court did not need to reach because he had not made the requisite showing that he missed the hearing because of exceptional circumstances. *Acquaah,* 589 F.3d. at 337.

In his affidavit, Mhaidli references health and stress problems. These problems were never substantiated nor is there any indication that they were such that he needed assistance in remembering his hearing date or in appearing at the hearing. Mhaidli's reliance on Mary Bazzi and an unnamed attorney with whom he had no attorney-client relationship to remind him of the hearing and their failure to do so do not constitute exceptional circumstances. His misunderstanding about when his hearing was set is a "less compelling circumstance [ ]" than is required by the standard established by 8 U.S.C. § 1229a(e)(1). Therefore, there was no abuse of discretion in denying the motion to reopen the *in absentia* order.

Mhaidli also argues that it was error for the IJ not to grant an evidentiary hearing on his motion to reopen. The BIA held that Mhaidli had failed to provide any pertinent authority to support his contention that an IJ is required to hold an evidentiary hearing when there is a failure to appear at a hearing based on exceptional circumstances.

An alien is entitled to a full and fair deportation hearing. *See, e.g., Amadou v. INS*, 226 F.3d 724, 727 (6th Cir. 2000). The denial of a motion to reopen, however, is a discretionary decision, and this court has held that such a decision does not implicate due process. *Ramirez v. Gonzales*, 247 F. App'x 782, 786 (6th Cir. 2007); *see also Al Roumy v. Mukasey*, 290 F. App'x 856, 861 (6th Cir. 2008) ("Al Roumy mistakes his due process right to a full and fair deportation hearing with the process to which he is entitled at the motion to reopen stage. . . . Therefore, Al Roumy's claim that his due process rights were violated by the BIA's failure to conduct a hearing is meritless."). The IJ was not required to conduct an evidentiary hearing on Mhaidli's motion to reopen.

Petitioner also alleges that the "exceptional circumstances" doctrine is unconstitutionally vague. "The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the

6

criminal consequences of their conduct." *Jordan v. De George*, 341 U.S. 223, 230 (1951). "[I]n view of the grave nature of deportation," the doctrine has been applied beyond criminal laws to immigration statutes. *Id.* at 231. However, petitioner was given clear warning about what behavior he must engage in to avoid adverse immigration action: he was told to arrive at a specific place at a specific time. The fact that the rules grant discretion to the IJ to *excuse* a violation does not make the standard unconstitutionally vague. In fact, this court routinely uses the exceptional circumstance standard when deciding whether to excuse a litigant's failure to do something, such as, for example, the failure to preserve an issue on appeal. *E.g. United States v. Archibald*, 589 F.3d 289, 296 (6th Cir. 2009) (whether to consider an argument not raised below); *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (whether something is plain error).

## CONCLUSION

For the reasons set forth above, we **DENY** Mhaidli's petition for review.